Finch, J. (dissenting).
I dissent from so much of the majority decision as awards compensation to the broker for his services and vote for affirmance of the judgment of the court below. As was said in Garrigues v. International Agricultural Corp., 159 App. Div. 877, quoting from Low v. Woodbury, 107 id. 298: ‘ ‘ Like other agents, the broker is required to exercise the utmost good faith towards his principal; and if, in the course of his agency, he has committed a fraud on his principal, he is not entitled to his commissions.”
The contract of sale was made with a dummy so that it was a fair inference that such contract was really made by the defendant itself for its own benefit. Later said contract was assigned to the father of the defendant’s treasurer and it is likewise a fair inference under all the circumstances of the case that both were acting for the defendant and there is no denial in the record of such inference. The full amount of the selling price belonged to the plaintiff unless the defendant could show that it earned a commission and whether viewed from the standpoint that the defendant was really the purchaser by means of the dummy so that it was in reality a principal and not a broker, or from the standpoint that while acting as a broker for the plaintiff it suppressed a material fact to her financial damage, the conclusion follows that the trial justice was correct in denying brokerage to the defendant.
Judgment modified and as modified affirmed, without costs.